Toro, Appellant, *v.* Registrar of Mayagüez, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 315.—Decided June 26, 1917.

Dominion Title—Possessory Title.—Article 393 of the Mortgage Law is limited to possessory title proceedings, and there is no provision of law which makes it applicable to dominion title proceedings.

Id.—Contradictory Records—Cancellation of Record.—When it appears from the registry that the dominion title to the property sought to be recorded is recorded in the name of a person distinct from the petitioner, the latter's title cannot be recorded until the record in favor of the other person has been canceled.

Id.—Id.—Id.—Ownership.—The cancellation of a contradictory record of dominion title can be ordered only in the proper proceeding after hearing the parties and not in a dominion title proceeding; for in such proceeding, according to article 395 of the Mortgage Law, the court can adjudge only that the ownership of the property in question has or has not been proved, otherwise the real nature of the proceeding would be changed. A cancellation so ordered is void and has no legal effect.

Id.—Id.—Record of Title—Appeal.—When a decision approving a dominion title proceeding is accepted by the parties thereto it constitutes a sufficient title for the record of the ownership, according to rule 5 of article 395 of the Mortgage Law, unless there is a contradictory record, it being unnecessary to wait for the expiration of the time allowed for appeal.

The facts are stated in the opinion.

*Mr. José.Sabater* for the appellant.

The respondent appeared *pro se.*

Mr. Chief Justice Hernández delivered the opinion of the court.

Juan Toro Santalis instituted a proceeding in the District Court of Mayagüez to prove the ownership of 96 *cuerdas* of land in the ward of Bateyes of the said municipal district, which formed part of a larger property of 250 *cuerdas* known as the Camila plantation, situated in the same ward and recorded in the Registry of Property of Mayagüez on page 207 of volume 25 of Mayagüez, No. 1579, record No. 1, in the name of Ramón Olivares García, 154 *cuerdas* having been segregated from the said property to form another separate property belonging to Luis Pío Santalis, which is also recorded in the registry, the remaining 96 *cuerdas* having been

acquired by the petitioner under title of ownership as follows: One-half from his deceased father, Secundino del Toro; one-eighth by inheritance from his mother, Virginia Santalis, and the remaining three-eighths by purchase from Carmen, Eloísa and Ramón Toro Santalis.

By its order of March 19, 1917, the District Court of Mayagüez approved the proceeding and declared a dominion title to the property of 96 *cuerdas* proved in favor of Juan del Toro Santalis, ordering that the corresponding record be entered in the Registry of Property of Mayagüez in the name of the petitioner; that the record appearing on page 207 of volume 25 of Mayagüez, property No. 1579, record No. 1, be canceled, and that for that purpose the proper certificate of the said order be issued when it became final.

The *fiscal* of the District Court of Mayagüez assented to the order and said court declared it to be final by its order of March 20.

Juan Toro Santalis presented the certified copy of the order of March 19 and of the order making it final to the registrar of property, who refused to admit the same to record for the reasons stated in the following decision:

"This document, accompanied by another, is denied admission to record as regards the entries requested, because the property whose ownership is proved is shown to be recorded in the name of Ramón Olivares y García, a person distinct from the petitioner; and while it may be inferred from the document that procedure similar to that in a possessory title proceeding was followed in this proceeding, in order to remove the said obstacle in the event of contradictory entries by ordering in the dominion title proceeding the cancellation of the said entry which appears in the registry in favor of Olivares y García, such procedure is not applicable to dominion title proceedings and there is no statute authorizing the same. Moreover, the undersigned registrar understands that the proper procedure has not been followed for the purpose of obtaining an order for the cancellation of the said entry so as to open the way for the new record of ownership sought, and he also observes that the order for the said cancellation is asked to be recorded while it is not final; for although on the motion of the petitioners, which was heard by

the *fiscal* without objection, the court declared the said order to be final, it will not become so until thirty days from its date. A cautionary notice in lieu thereof has been entered, etc.''

That decision is submitted to our consideration on appeal.

The appellant maintains that the registrar erred in holding that the dominion title proceeding is not the proper proceeding, in cases of contradictory entries, for obtaining the record and cancellation denied, and that the registrar also erred in refusing the record because the order approving the dominion title proceedings was not final.

In support of the first ground of appeal the appellant cites article 393 of the Mortgage Law, which provides that if the registrar should find, before recording an estate or interest by virtue of possessory- title proceedings, a record of acquisition of ownership or possession uncanceled, which is in contradiction with the fact of the possession as established by the judicial proceedings, he shall suspend the record, enter a cautionary notice, if the person interested should request it, and forward a copy of the record to the judge who may have approved the proceedings, so that after citation and hearing of the persons who, according to said entry, may have an interest in the real property, the judge may affirm or revoke the order of approval. And the appellant adds that as a record of the ownership of the land referred to in the proceeding appeared in the registry in the name of Ramón Olivares García, he asked for and obtained leave from the court, on account of the death of Olivares García and his ignorance of the residences of the heirs, to summon them by publication, which was done without any objection being made to the proceeding.

The question now raised was decided by this court in the case of *Porto Rican Leaf Tobacco Co.* v. *Registrar of Property,* 17 P. R. R. 215. Then we said that article 393 of the Mortgage Law is applicable to possessory title proceedings and there is no provision of law whatever extending it to proceedings to establish ownership.

Article 82 of the Mortgage Law provides that records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his successors or legal representatives, signify their consent to the cancellation. The dominion title to the land which Juan Toro Santalis seeks to record appears recorded in the registry in the name of Olivares García and the title of Toro Santalis cannot be recorded until the record of ownership of Olivares García has been canceled. *Ginorio* v. *The Registrar,* II S. P. R. 579; *Porto Rican Leaf Tobacco Co.* v. *The Registrar, supra; Colón* v. *Registrar of Caguas,* 24 P. R. R. 719.

It is true that the court's order approving the dominion title proceeding directs the cancellation of the record existing in the name of Olivares García, but as that cancellation has not been ordered in the proper proceeding after hearing the interested parties, it is void in law and can have no legal effect.

Article 395 of the Mortgage Law authorizes owners of property having no written title of ownership to record their right upon proving it in the manner prescribed in the same article, and provides that after the judge has heard the written objections and evidence presented, the *fiscal,* and any other persons who may have attended the hearing, he shall "declare whether or not the ownership of the property involved has been established." This and this only is what the judge can declare in proceedings of this kind, for to do more would be to denaturalize the real character of dominion title proceedings. *Díaz et al.* v. *Waymouth,* 13 P. R. R. 317.

As the cancellation ordered cannot be effected, the record must continue in full force and, therefore, the refusal of the registrar to record the said dominion title in the name of the appellant is justified.

As regards the second ground of appeal, we are of the opinion that since the order approving the proceeding was consented to by the parties who took part therein, the said order so consented to would constitute a sufficient title for the record of the ownership according to subdivision 5 of said article 395 if the said contradictory entry did not exist. In any event the defect, if it existed, would be a curable one. *Soto v. The Registrar,* 15 P. R. R. 597, and *Martinez v. The Registrar,* 16 P. R. R. 259.

For the reasons stated the decision appealed from should be affirmed in so far as it conforms to the principles herein established.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.